UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ROBBIE MCCAIN-FICKLIN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-00173-HAB-SLC ) |
| **THE HOUSING CORPORATION OF MARION INDIANA,** | ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

The joint motion for entry protective order (ECF 16), seeking approval of a proposed stipulated protective order (ECF 16-1) submitted by the parties is GRANTED to the extent set forth in this Order. The stipulated protective order (ECF 16-1) submitted by the parties on June 21, 2024, is APPROVED and ADOPTED as an Order of this Court, provided, however, that:

(1) as set forth in Paragraph 9, the Order does not authorize either party to file or maintain any document under seal.[1] That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT. *See* N.D. Ind. L.R. 5-3;

(2) while the Order will remain in force after the termination of the suit as set forth in Paragraph 12, the Court will not retain jurisdiction over the Order, as the Court is

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Here, because Paragraph 9 of the Order does not permit sealed filings absent further leave of Court, the Order enjoys a lesser level of scrutiny. That said, the Court observes that the scope of protected information in Paragraph 3 of the Order would be overly broad if the proposed order permitted sealed filings—a point that the parties should heed if they seek leave of Court to file any documents under seal.

unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010); and

(3)   to clarify, Paragraph 15 requiring the return of "Confidential" information following the termination of this litigation shall not apply to the Court and Court personnel.

SO ORDERED.

Entered this 24th day of June 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge